RHOADS v. HARRIS et al. (No. 8566.)

(Court of Civil Appeals of Texas. Ft. Worth. March 31, 1917.)

1. PARTNERSHIP ☞139 — COVENANTS BY PARTNER.

Where one, holding legal title to land exchanged, covenanted to pay and discharge notes secured by a vendor's lien on the land and took title to the land received in the exchange in the name of a third person, who was interested in the transaction, the agreement to discharge the notes was binding upon the third person whether made as agent or partner; the basic theory upon which a partner is bound being that the acting partner is his agent.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 206–211, 213, 240.]

2. VENDOR AND PURCHASER ☞284—LIEN OF VENDOR—FORECLOSURE—ISSUES.

In a suit by the holder of such notes to foreclose the lien, there was no prejudicial error in failing to submit the issue of partnership between the covenantor and the third person or in peremptorily instructing that the covenantee was entitled to a judgment jointly and severally against the covenantor and the third person.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 796–799.]

3. APPEAL AND ERROR ☞879—REVIEW.

In a suit on vendor's lien notes, as affecting defendant who made cross-claim against defendant-appellant, but who recovered no judgment and has not appealed, errors assigned need not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3581–3583.]

Appeal from District Court, Denton County; C. F. Spencer, Judge.

Suit by B. R. Harris against A. H. Allen and others in which defendant B. B. Griffin filed a cross-plea against defendants J. W. Allen and J. A. Rhoads, and defendant J. W. Allen prayed cross-claim against defendant J. A. Rhoads. From a judgment for plaintiff as against named defendant for amount due on vendor's lien notes, and as against the other defendants except A. Q. Mustain, who was discharged, enforcing the vendor's lien, and that defendant B. B. Griffin on his cross-plea recover of defendants J. W. Allen and J. A. Rhoads the sum adjudged in plaintiff's favor and that J. W. Allen take nothing on his cross-claim against J. A. Rhoads, defendant J. A. Rhoads alone appeals. Affirmed.

Sullivan & Hill and Luther Hoffman, all of Denton, for appellant. T. W. Dunn, of Ft. Worth, for appellees.

CONNER, C. J. So far as necessary to state, this suit was instituted by B. R. Harris against A. H. Allen, J. W. Allen, B. B. Griffin, A. Q. Mustain, and J. A. Rhoads, to recover the amount of principal, interest, and attorneys' fees due upon a series of five vendor's lien notes, each in the principal sum of $100, all of which notes were due and all of which had been executed by A. H. Allen, and secured by a vendor's lien on a lot known as the "hotel property" and described in plaintiff's petition. It appeared in the development of the case that J. W. Allen subsequently acquired the legal title to the hotel property and later exchanged it to B. B. Griffin for certain lands owned by Griffin in ——— county, Tex.; and that in the exchange J. W. Allen assumed the payment of the vendor's lien notes declared upon. Griffin and J. W. Allen specially pleaded that at the time of said exchange the defendant J. A. Rhoads was jointly interested in the hotel property and a partner in the transac-

tion of the exchange, and that after said exchange J. W. Allen paid to the said defendant J. A. Rhoads said notes, receiving a promise at the time of their release; it being alleged that at the time J. A. Rhoads owned and possessed the notes. Allen therefore prayed that he might recover of the said defendant Rhoads such sum, if any, as the defendant Griffin, under his cross-plea, should recover of him (J. W. Allen). There appears to have been no real controversy between the plaintiff Harris and the defendants, and judgment was finally rendered in plaintiff's favor as against A. H. Allen for the amount due upon the notes, and as against all of the defendants save A. Q. Mustain, who was discharged, enforcing the vendor's lien. It was further adjudged that the defendant Griffin on his cross-plea recover of the defendants J. W. Allen and J. A. Rhoads the sum adjudged in the plaintiff's favor. It was further adjudged that J. W. Allen take nothing on his cross-claim against J. A. Rhoads, and the defendant J. A. Rhoads alone appeals.

As will be seen from our statement of the case, the controversy as now presented to us is only between B. B. Griffin and J. A. Rhoads. The court peremptorily instructed the jury that Griffin was entitled to a judgment jointly and severally against both J. W. Allen and J. A. Rhoads for the amount of the judgment which the jury should find for Harris, and appellant's only assignments of error are to the action of the court in refusing to submit the issue of partnership between him and the defendant J. W. Allen. There is no dispute in the evidence of the fact alleged by Griffin in his cross-plea that J. W. Allen assumed the payment of the notes declared upon by the plaintiff. He alleged that Rhoads and Allen were partners in the ownership of the hotel property, and as such sought to hold Rhoads as such partner, and the court's charge, of course, may be construed as an assumption that both allegations had been established by the undisputed evidence, and appellant's insistence is that his evidence tended to refute the allegation of partnership.

We will not set out and analyze the testimony of appellant on the issue of partnership, inasmuch as we have concluded that the undisputed evidence shows that appellant was liable to Griffin, irrespective of whether Allen and Rhoads were technically partners in the exchange of lands that had been made between J. W. Allen and B. B. Griffin, and such doubtless was the view of the trial court. Appellant admitted that, while the title to the hotel property was in J. W. Allen, nevertheless he knew of that fact and was interested in it and consented to the exchange. The contention was that Allen was but his agent in the exchange; that the agreement between him and Allen

was to the effect that Allen should receive a part of the profits as commissions only. It is undisputed, also, that in the exchange Allen took title to the Griffin lands in the name of J. A. Rhoads; that later Allen sold the Griffin lands to a party in Ft. Worth, receiving therefor a net sum of something like $2,000, of which appellant Rhoads received a part as his share.

[1, 2] This all being true, and indisputably so, the issue of whether Allen and Rhoads were partners in the hotel property is, as we think, immaterial, for Allen's agreement to pay off and discharge the notes upon which the plaintiff's claim was predicated, whether made by Allen as a partner or as an agent of Rhoads, is binding on Rhoads. This agreement to pay the plaintiff's notes was a part of the consideration of the Griffin exchange, and appellant therefore cannot be permitted to receive and retain, as he has done, the benefits of the trade made by Allen and at the same time be relieved of the covenant of Allen, whether made as appellant's agent or partner. Indeed, the basic theory upon which the act or agreement of one partner binds that of another partner is on the ground that in law the acting partner is the agent of his fellow partner. As to the appellee Griffin, at least, therefore, there was no prejudicial error in refusing to submit the issue of partnership and in giving the peremptory instruction.

[3] No judgment having been awarded J. W. Allen against the appellant, and Allen not having appealed, no error relating to the issue of partnership, or of whether Allen had paid the notes in controversy to Rhoads, need be considered.

We conclude that all assignments of error should be overruled, and the judgment affirmed.